# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1101V
Filed: August 21, 2015
Not for Publication

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NICHOLAS J. XANTHOPOULOS, | * | |
| | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Human Papillomavirus Vaccine ("HPV"); |
| v. | * | Vasovagal Syncope; Special Processing |
| | * | Unit ("SPU") |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Randall Elbert Smith*, Smith, Elliot, Smith and Garmey, Saco, ME for petitioner.
*Claudia Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 12, 2014, Nicholas Xanthopoulos filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of a human papillomavirus vaccine ["HPV"] on October 12, 2012, petitioner suffered vasovagal syncope causing him to fall and sustain traumatic brain injuries. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 4, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for a syncopal episode within one hour of receiving a HPV vaccination,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

which was the proximate cause of petitioner's head injury.  On August 19, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating that petitioner should be awarded compensation in the amount of $112,500.00 for his actual and projected pain and suffering.   Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $112,500.00 in the form of a check payable to petitioner, Nicholas J. Xanthopoulos.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.